WALTER et ux, *Respondents,*

*v.*

MARTINSON et al, *Appellants.*

555 P2d 21

*Roger A. Anunsen,* Albany, argued the cause and filed a brief for appellants.

*John A. Bryan, Esq.,* Salem, argued the cause for respondents. With him on the brief were DeArmond, Sherman & Bryan, Salem.

Before Denecke, Chief Justice, and Tongue, Bryson and Lent, Justices.

TONGUE, J.

**TONGUE, J.**

By this suit plaintiffs seek a decree that they are the owners by prescription of an easement for a road across defendants' land in Linn County and that defendants be enjoined from interfering with plaintiffs' use of that road. Defendants appeal from a decree in favor of plaintiffs.

Plaintiffs purchased their property in 1948. Their immediate predecessor, George Griffin, homesteaded that property in about 1896. The road has been in existence since about 1897. Mr. Griffin used the road from that time until he sold the property to plaintiffs.

Plaintiffs also used the road as access to and from the property since 1948, including the hauling of logs over the road. They testified that they never asked permission from anyone to use it and that no one objected to such use until 1974, when defendants blocked the use of the road.

In 1963 defendants purchased the property through which the road runs. In 1965, according to the testimony, plaintiff Y. J. Walter and defendant Arthur Martinson agreed that a gate across the road should be locked during hunting season. Mr. Martinson secured a padlock and gave a key to Mr. Walter.

Defendants contend that:

"* * * [T]he trial court failed to give sufficient importance to the facts that Defendants placed a lock upon a gate across the roadway and that Plaintiffs were given a key by Defendant, Arthur M. Martinson. This should have been viewed as an act subordinating the Plaintiffs' claimed right to that right of ownership exercised by the Defendants. The granting of a key to a lock would seem to be a natural act of permission for use of the lock by the grantee. Without this permission, Plaintiffs would not have any use of the roadway. * * *"

Under the facts of this case, plaintiffs right to use the roadway had been established by adverse use for more than 10 years prior to the arrangement in 1965 for the locking of the gate during hunting season.

■ This is not a case in which the evidence of prior use was limited to testimony of the use for more than 10 years of "an existing way over another person's land and nothing more is shown," as in *Woods v. Hart,* 254 Or 434, 436, 458 P2d 945 (1969). The evidence in this case is sufficient to support the finding that when Mr. Griffin homesteaded the property now owned by plaintiffs he built the road as means of access to that property and that he then used the road without interruption for more than 10 years, after which plaintiffs continued to use it without interruption or objection for more than 10 years prior to the padlock arrangement in 1965.

We agree with the trial court in holding that this evidence was sufficient to establish a prescriptive right in plaintiffs to the use of the road. *See Feldman et ux v. Knapp et ux,* 196 Or 453, 474, 250 P2d 92 (1952), and *Davis v. Gassner,* 272 Or 166, 535 P2d 760 (1975).

■ Defendants also assign as error the finding by the trial court that the prescriptive easement for the road should be 24 feet wide.

■ In deciding this question we must apply the rule that "The extent of an easement created by prescription is fixed by the use through which it was created," 5 Restatement of Property 2992, § 477 (1944).

Upon examination of the record, we find that a witness for plaintiffs testified that an easement for a one-way logging road *should* be at least 24 feet in width and that "most" easements for logging roads are 50 feet wide. The testimony of actual use of the road was to the effect that although it had been used by logging trucks, which were eight feet in width, as well as by other smaller vehicles, it was basically "a one-lane road," some with "turn-outs," the location of which were not specified; that "on the turns" a minimum of 24 feet is required for all "long loggers," and that there were two such "turns" in the roadway, which was approximately one-quarter mile in length.

It also appears that the county road, from which the easement runs is 16 feet wide.

As stated in 5 Restatement of Property § 477, *supra:*

> "* * * No use can be justified under a prescriptive easement unless it can fairly be regarded as within the range of the privileges asserted by the adverse user and acquiesced in by the owner of the servient tenement. Yet, no use can ever be exactly duplicated. If any practically useful easement is ever to arise by prescription, the use permitted under it must vary in some degree from the use by which it was created. Hence, the use under which a prescriptive interest arises determines the general outlines rather than the minute details of the interest."

We hold that the testimony does not support a finding that the "use" of this roadway, for the purposes of establishing an easement by prescriptive use, has been of an easement 24 feet in width. The evidence does not support a finding of "use" of a roadway more than 16 feet in width, except for a width of 24 feet on two "turns" and some "turn-offs." The location of these "turns" and "turn-offs" should be determined by the trial court and the legal description of the easement, as set forth in the final decree, should then be amended accordingly. This case is remanded to the trial court for that purpose.

Affirmed in part; reversed in part and remanded. No costs to either party.