487 A.2d 32

Ronald E. HASH and Betty C. Hash, husband and wife

v.

Edwin C. SOFINOWSKI and Jocine A. Sofinowski,
husband and wife, Appellants.

Superior Court of Pennsylvania.

Argued Aug. 16, 1984.

Filed Jan. 11, 1985.

Petition for Allowance of Appeal Denied June 10, 1985.

452

John L. Calhoun, Towson, Md., for appellants.

David R. Anderson, York, for appellees.

Before WICKERSHAM, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

This appeal is taken from a final decree entered by the Court of Common Pleas of York County, sitting in equity, enjoining appellants Edwin C. and Jocine A. Sofinowski from limiting the width of a right-of-way across their land used by appellees Ronald E. and Betty C. Hash. The parties agree that since 1924, appellees' predecessors in title acquired a prescriptive right to use the way going from Watters Road over the Sofinowski property to the Hash property. In 1981, appellants installed a series of posts along the western boundary of the right-of-way and dug a bank ten feet to the east of these posts. The Hashes brought suit alleging that the Sofinowskis had wrongfully impeded access to their property and requested they be enjoined from so limiting the way.

Appellants have owned their property in Fawn Township, York County, Pennsylvania, since 1966. Appellees purchased a tract adjoining the Sofinowski estate in 1980. The Hash property is landlocked, the easement at issue providing the only access to the nearest public way, Watters Road.

Testimony adduced at trial established use as a farm of portions of the Hash estate from 1924 until the 1960's. Mr. Hash further testified that such a use continued until 1980. During this period, the right-of-way was used for passage of farm equipment to the Hash property, although

testimony varied significantly as to the width of the easement. The trial court found that the contemplated use of the easement for modern farm equipment was consistent with that which had been established during the prescriptive period, and determined that a right-of-way 18 feet wide was a reasonable extension of the prescriptive easement acquired by appellees. Appellants were directed to restore it to that width, and took exceptions. The court *en banc* affirmed. Because we find a prescriptive easement, unlike an express easement by grant, to be narrowly limited to the extent of use rather than mode of use exercised during the period of prescription, we vacate and remand for additional findings of fact in accordance with this opinion.

When a right-of-way is expressly granted, its scope is determined by ascertaining the intention of the parties to the grant. *Lease v. Doll,* 485 Pa. 615, 403 A.2d 558 (1979). The easement is construed in favor of the grantee where the terms of the grant are vague, so as to permit reasonable use and enjoyment. *Id.* This is so because a right-of-way is generally granted of necessity, providing the owner of property landlocked by subdivision with access to the public road. The landlocked property would otherwise be rendered virtually useless. *Piper v. Mowris,* 466 Pa. 89, 351 A.2d 635 (1976).

Although the extent of an easement is limited to that which has been granted, our courts have consistently permitted express easements to accommodate modern developments, so long as the use remains consistent with the purpose for which the right was originally granted. This is based upon a presumption that advances in technology are contemplated in the grant of the easement. *Smith v. Fulkroad,* 305 Pa.Super. 459, 451 A.2d 738 (1982). Thus *Lease, supra,* and *Piper, supra,* allowed easements granting ingress and egress to the dominant tenements across the servient tenements to expand from footpaths to ways

permitting passage of motor vehicles. The use, or more appropriately, purpose, remained the same—access to land-locked property. Only the extent of that use reasonably increased.

Similarly, in *Wise v. Lutz*, 78 York 153 (1964), the court of common pleas permitted a right-of-way of undetermined width to be defined to accommodate modern-day farm equipment. The court found that the easement had consistently been used for the passage of farm machinery, and determined that 16 feet was now necessary for the "reasonable and proper enjoyment" under present conditions.

At first blush, the facts of *Wise* appear to be on point with the case at bar. There is, however, one critical distinction: the right-of-way in *Wise* arose by express reservation in the grant; the easement presently before us has arisen by prescription.

■■■■ It is axiomatic that an easement by prescription arises by actual, continuous, adverse, visible, notorious and hostile possession of the property in question for a period of 21 years. *Keefer v. Jones*, 467 Pa. 544, 359 A.2d 735 (1976); *Adshead v. Sprung*, 248 Pa.Super. 253, 375 A.2d 83 (1977). It stands to reason that the scope of such an easement must necessarily be a function of the continued, adverse use by which it was generated and is thus limited to that of the prescriptive period.[1] *See generally* Annot., 5 A.L.R.3d 439 (1966). Although appellees apparently demonstrated to the trial court's satisfaction agricultural activities upon the dominant estate during a 21-year prescriptive period, their assertion that they intend to farm their property, coupled with an equipment dealer's testimony that modern farm machinery is 18 feet wide, is not a sufficient basis to

1. The first adverse use of the right-of-way at issue appears to have occurred in 1924. A continuous use, exhibited by a settled course of conduct for any 21-year period from 1924 until 1980 which meets the requirements for prescription, will establish the permissible extent of the easement.

establish that the future use of the easement by the Hashes is consistent with the adverse use during the prescriptive period.[2]

The Restatement of Property provides:

**§ 477. Extent of Easements Created by Prescription.**

The extent of an easement created by prescription is fixed by the use through which it was created.

5 Restatement of Property 2992, § 477 (1944).

**§ 478. Factors in Ascertaining Extent of Easements Created by Prescription.**

In ascertaining whether a particular use is permissible under an easement created by prescription a comparison must be made between such use and the use by which the easement was created with respect to

(a) their physical character,

(b) their purpose,

(c) the relative burden caused by them upon the servient tenement.

5 Restatement of Property 2994, § 478.

**§ 479. Extent of Easement Appurtenant as Affected by Evolution of the Dominant Tenement.**

In ascertaining whether a particular use is permissible under an easement appurtenant created by prescription there must be considered, in addition to the factors enumerated in § 478, the needs which result from a normal evolution in the use of the dominant tenement and the extent to which the satisfaction of those needs increases the burden on the servient tenement.

5 Restatement of Property 3000, § 479.

Our state courts have not squarely addressed the issue of the extent of an easement created by prescription in terms

---

2. We note further that a continuous use of 18 feet appears unlikely where the nearest road is only 12 feet wide. Although the width of Watters Road does not directly bear upon the width of the easement, it is difficult to imagine, without compelling evidence, how anything wider than Watters Road can be brought to the easement.

of width. *Bodman v. Bodman,* 456 Pa. 412, 321 A.2d 910 (1974) cites without discussion these sections of the Restatement in establishing the permissible degree of use of a prescriptive easement (*see infra* at 456–458). Similarly, we believe the Restatement most ably defines the elements of prescriptive easements with regard to width, and join the courts of other states by applying the foregoing principles to the facts before us.

Citing §§ 478 and 479 of the Restatement, the Supreme Court of Idaho commented:

> We do not mean to imply from our decision today that any increase in use of a prescriptive easement is an expansion ... Rights obtained by prescription should be strictly limited, and we read these sections of the Restatement narrowly. We are aware that some changes in the character of the dominant estate are foreseeable and will necessitate changes in the use of a prescriptive easement. We emphasize, however, that any changes in the use of a prescriptive easement cannot result in an unreasonable increased burden on the servient estate and that the increase in use must be reasonably foreseeable at the time the easement is established.

*Gibbens v. Weisshaupt,* 98 Idaho 633, 639, 570 P.2d 870, 876 (1977) (holding an increase in degree of use due to commercial activities and additional residences on the dominant tenement is an unreasonable expansion). Similarly, the Supreme Court of Oregon applied § 477 of the Restatement, and found insufficient evidence to support a prescriptive use of an easement for a width of 24 feet. In *Walter v. Martinson,* 276 Or. 411, 555 P.2d 21 (1976), a prescriptive easement was established as a logging road. A witness testified that an easement for such a road *should* be at least 24 feet wide, and "most" logging roads are 50 feet in width. The testimony of actual use, however, indicated it was basically a one-lane road with some turns, and the nearest road appeared to be 16 feet wide. The court held that the "evidence does not support a finding of 'use' of a

roadway more than 16 feet in width, except for a width of 24 feet on two 'turns' and some 'turn-offs.'" *Id.,* 276 Or. at 415, 555 P.2d at 23. The court remanded for a determination of the location of the "turns" and "turn-offs," and for amendment of the legal description of the easement.

In *Bodman v. Bodman, supra,* our supreme court reiterated that an easement by prescription is limited to the adverse use made during the prescriptive period, but added that this limitation is not absolute. In that case, a portion of the dominant tenement was sold and the easement was subsequently used for access to four recreational cabins built by the grantee. The court held, consistent with the Restatement position, that normal evolution of the dominant tenement permits reasonable increases in the burden imposed upon the servient tenement. The easement originally was used for entry and exit of motor vehicles so that an increase in the number of vehicles using the lane was not unreasonable. The *width* of the easement did not increase, however, as the location and dimensions of the easement remained the same. Only the *degree* of its use expanded, but such expansion was not an unreasonable burden. *See also Minteer v. Wolfe,* 300 Pa.Super. 234, 446 A.2d 316 (1982). A reasonable increase in degree of use is thus permissible whereas an expansion of the original easement is not. *Gibbens v. Weisshaupt, supra.* As stated quite simply by the Supreme Court of Idaho, "any increase in width of a prescriptive easement would constitute an impermissible expansion even if a contemporaneous increase in traffic over the easement would not. An increase in width does more than merely increase the burden upon the servient estate; *it has the effect of enveloping additional land.*" *Aztec Limited, Inc. v. Creekside Investment Co.,* 100 Idaho 566, 569, 602 P.2d 64, 67 (1979) (emphasis added) (holding an increase in traffic over a prescriptive easement due to the construction of a 200-unit apartment complex is an unreasonable burden).

In the case before us, the trial court found:

[S]uch right of way previously was used for the entry and passage of farm equipment of a size and width as it existed over the prescriptive period beginning in 1924. Plaintiffs desire to use the passage for the same purpose in the same manner. However, present farm equipment now requires a width of eighteen feet for that purpose. We consider such width to be a reasonable increase resulting from normal evolution.

(R. at 16.)

■■■ As outlined above, the degree of use of a prescriptive easement may increase in certain circumstances to accommodate the normal evolution of the dominant tenement where reasonable, but we find no authority which permits a right-of-way acquired by prescription to expand in size due to changes in the equipment brought upon it. We therefore hold that the easement in question is limited in location and size to that which arose during the prescriptive period.

The evidence needed for an accurate determination of width is absent from the record. Because the width of a prescriptive easement must be established by the extent of actual use during the prescriptive period, the trial court must ascertain the accurate dimensions of that use. We therefore vacate and remand with instructions to pinpoint more precisely the exact bounds of the original right-of-way as it existed over a 21-year period of continuous adverse use. It then can be determined whether the width of the easement as established by adverse use is such as requires removal of the obstructions.

Vacated and remanded. Jurisdiction relinquished.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting:

I would affirm on the clear and just adjudication of President Judge Robert I. Shadle.