J-A15039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| DELLAPOSTA PROPERTIES, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PACKAGING CORPORATION OF AMERICA AND THREE CROSSINGS 2.0, L.P. | : | No. 1306 WDA 2022 |
| | : | |
| v. | : | |
| | : | |
| ROBERT C. BAIERL AND CATHY J. BAIERL | : | |
| | : | |
| APPEAL OF: THREE CROSSINGS 2.0, L.P. | : | |

Appeal from the Order Entered October 5, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-17-005321

| | | |
|---|---|---|
| DELLAPOSTA PROPERTIES, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PACKAGING CORPORATION OF AMERICA AND THREE CROSSINGS 2.0, L.P. | : | No. 1330 WDA 2022 |
| | : | |
| v. | : | |
| | : | |
| ROBERT C. BAIERL AND CATHY J. BAIERL | : | |
| | : | |

APPEAL OF: PACKAGING     :
CORPORATION OF AMERICA   :

Appeal from the Order Dated October 5, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-17-005321

BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:      **FILED: AUGUST 21, 2023**

These consolidated appeals concern the recognition of a prescriptive easement in favor of Dellaposta Properties, LLC (Dellaposta) following a non-jury trial before the Court of Common Pleas of Allegheny County (trial court). The owners of the property through which the easement runs, Packaging Corporation of America (PCA) and Three Crossings 2.0, L.P. (Three Crossings),[1] now contend that the trial court relied on facts not in evidence and misapplied the test for determining the width of the easement.  Finding merit in those claims, we vacate the trial court's order in part and remand for further proceedings.

## I.

The relevant facts of this appeal are taken from the portions of the record that relate to the *width* of the subject easement, as there is no present dispute as to the existence of the easement or any of its other dimensions.

---

* Retired Senior Judge assigned to the Superior Court.

[1] Three Crossings has a pending agreement to purchase the subject property from PCA, making it an equitable-interest owner.

From 1988 to 2013, Cathy J. and Robert C. Baierl (the Baierls) owned property located in Pittsburgh's Strip District at 2735 Railroad Street. Dellaposta acquired the property from the Baierls in 2013 and it is referred to here as "the Dellaposta property." The Dellaposta property abuts the neighboring property of PCA (the PCA property) which is currently leased by Three Crossings. The deed that conveyed the Dellaposta property contained no reference to an easement running along its border with the PCA property.

Parallel between the Dellaposta property and the PCA property is a stretch of paved area, most of which sits on the PCA property. It allows vehicles to turn from Railroad Street and travel to loading docks located on the Dellaposta property.[2] During the period when the Baierls and Dellaposta owned the Dellaposta property, third-party drivers would deliver shipments to those loading docks while operating large vehicles, including tractor-trailers as long as 53 feet. It was common for these third-party drivers to "back in or pull in frontward" from the paved area when making deliveries at the loading docks. *See* Trial Transcript, 6/9/2021, at p. 47.

Significantly, at the entrance to the paved area from Railroad Street, there is a telephone pole and guardrail on opposite sides. At all relevant times, these two objects stood 36 feet apart and they bounded the width of the

_____

[2] There are also loading docks on the front and back of the Dellaposta property.

entrance used by drivers to access the loading docks on the Dellaposta property. *See id.* at pp. 219-20. This was the only way into and out of the paved area.

On April 25, 2017, the Baierls and Dellaposta executed a "confirmatory deed" in an attempt to formalize the transfer of the easement running parallel between the Dellaposta property and the PCA property. The next month, on May 4, 2017, Dellaposta filed a complaint in equity against PCA and Three Crossings' predecessor-in-interest, Oxford Development Company, seeking a declaratory judgment and an injunction establishing a prescriptive easement 36-feet wide by 280-feet long along the boundary of the PCA property and the Dellaposta property. These dimensions comported with the confirmatory deed executed by the Baierls and Dellaposta.

Three Crossings filed a counterclaim against Dellaposta and a crossclaim against the Baierls, asserting several causes of action rooted in a dispute over the easement, namely, for present purposes, a request for a declaratory judgment and an injunction. PCA filed a counterclaim against Dellaposta and a third-party complaint against the Baierls to that same effect.

PCA and Three Crossings moved for summary judgment against Dellaposta as to their claims for a declaratory judgment and an injunction and the motion was denied. *See* Trial Court Order, 10/9/2020, at 1. The trial court then held a bench trial and heard evidence, including the testimony of a real estate attorney, Andrea Geraghty (Geraghty), who PCA and Three

Crossings had retained to investigate the dimensions of the easement. Geraghty stated that she had reviewed "various documents related to title easement, deeds of conveyance" as well as "a number of plans and surveys" concerning Dellaposta's acquisition of the subject property from the Baierls. *See* Trial Transcript, 6/9/2012, at p. 296.

According to Geraghty, Dellaposta had not established an easement but she testified that, hypothetically, any easement on the property would have a width of a typical driving lane "somewhere around 12 and a half feet – between 9 and 12 and a half feet." *Id.* at p. 300. She explained further that there had been no consistent route through the contested area that would measure 36 feet in width, but that based on a description of the vehicles which traveled on the path, an easement 12.5 feet in length would be sufficient to allow the vehicles access:

> Typically, you'll have a road being 25 feet wide, half in each direction, 12 and a half feet. So that's my reason for concluding that 12 and a half feet is what you will need.

*Id.* at p. 301.

Following the submission of post-trial briefs and oral argument, the trial court entered a verdict in favor of Dellaposta and against PCA and Three Crossings on Dellaposta's claims for a declaratory judgment and an injunction. *See* Trial Court Memorandum and Order, 8/18/2022, at p. 17. In its memorandum and order, the trial court prescribed an easement measuring 12.5 feet in width along the boundary of the PCA property and the Dellaposta

property. *See id.* In doing so, the trial court explicitly relied on Geraghty's testimony:

> Although the trucks traversing the PCA Property to access the rear loading docks on the Dellaposta Property did not follow a specific lane of travel, no single truck ever used the full 36 feet of width that [Dellaposta] seeks. [Geraghty] testified that a typical roadway lane of travel is 9 to 12.5 feet in width. A width of 12.5 feet would account for the size of some of the larger tractor trailers entering the property, as well as provide a few feet on either side to account for the variations of different drivers. *The scope of the easement, therefore, should be appropriately limited to a lane of travel of 12.5 feet in width*.

*Id.* at p. 16 (emphasis added).

Dellaposta filed a motion for post-trial relief, requesting that the trial court amend its prior ruling to expand the width of the prescriptive easement to 36 feet as it had sought in its complaint. The asserted basis for the motion was that the trial court improperly adopted Geraghty's opinion as its own and misapplied the standard for establishing the dimensions of a prescriptive easement.

PCA and Three Crossings filed a response in opposition to Dellaposta's motion for post-trial relief, arguing that the trial court had properly limited the width of the easement to 12.5 feet based on the actual use of the paved area between the PCA property and the Dellaposta property. The trial court had scheduled oral argument as to the post-trial motions on September 23, 2022, but instead, the trial court held on that date an off-record judicial conciliation

at which Dellaposta for the first time suggested a width of 25 feet for the easement (doubling the width initially prescribed by the trial court).[3]

Dellaposta's post-trial motion was granted and the trial court amended its prior order "to prescribe an easement width of 25 feet." Trial Court Order, 10/5/2022, at 1. PCA and the Three Crossings timely appealed and the trial court entered a 1925(a) opinion explaining that it had expanded the width of the easement from 12.5 feet to 25 feet in accordance with the "actual use" test for determining the dimensions of a prescriptive easement.[4]

While the trial court found that the total width of the easement used by vehicles was 36 feet, the trial court reasoned that the easement had to be narrower because the path of travel along the easement was inconsistent and no vehicle used that much space for any given delivery to the loading docks on the Dellaposta property. To strike a balance between the purpose of the easement and the burden on the owners of the PCA property, the trial court increased the width of the easement:

> This Court's initial ruling prescribed a width of 12.5 feet, as that would have been enough to accommodate a truck travelling straight across the PCA property. However. . . **this Court was reminded of the fact that larger trucks would also need**

---

[3] All parties to this appeal agree that the judicial conciliation is not part of the record on appeal, and that the exhibits presented at the conciliation are not evidence in this case. **See** Appellee's Brief, at p. 12.

[4] In **Hash v. Sofinowski**, 487 A.2d 32, 34 (Pa. Super. 1985), this Court explained that "[t]he extent of an easement created by prescription is fixed by the use through which it was created."

*room to swing out in order to reverse and back their trailers up to the loading docks or in order to turn around and exit the property.* Not only was there testimony that trucks often did this, but also photographic evidence demonstrating how a truck would need to use an area of greater width in order to pull off these maneuvers.

Increasing the width of the easement was, therefore, **necessary to preserve its purpose** . . . **[T]ruck drivers pulling off these maneuvers require at least a full two-lane road (25 feet) and not a single lane of travel (12.5 feet)**. This Court, thus, prescribed a width of 25 feet based on the testimony of Ms. Geraghty and the other evidence which tended to show that an easement width greater than a single lane of travel was not only necessary, but actually used, for turning around or backing into the loading docks.

Trial Court Opinion, 2/13/2023, p. 11-12 (emphases added).

PCA and Three Crossings both argue in their respective briefs that the trial court erred as a matter of law because it misapplied the test for determining the width of a prescriptive easement. These parties also make the related claim that the trial court abused its discretion in prescribing an easement 25 feet in width despite the record evidence that the "actual use" of the easement amounted to no more than 12.5 feet in width, as the trial court had determined in its original order.

**II.**

The two related issues in this appeal are (1) whether, as a matter of law, the trial court utilized the correct legal test for determining the width of a prescriptive easement, and (2) whether the trial court abused its discretion

in relying on facts not in evidence to support its conclusion that the width of the prescriptive easement is 25 feet.[5]

"It is axiomatic that an easement by prescription arises by actual, continuous, adverse, visible, notorious and hostile possession of the property in question for a period of 21 years." **Hash v. Sofinowski**, 487 A.2d 32, 36 (Pa. Super. 1985) (citing **Keefer v. Jones**, 359 A.2d 735, 735 (Pa. 1976)). "The width of a prescriptive easement must be established by the extent of *actual use* during the prescriptive period." **Hash**, 487 A.2d at 36 (emphasis added).

The party seeking to establish such an easement bears the burden of proving every element by clear and convincing evidence. **See Vill. of Four Seasons Ass'n v. Elk Mountain Ski Resort, Inc.**, 103 A.3d 814, 822 (Pa. Super. 2014). On review of a trial court's order granting a prescriptive easement, we are limited to considering "whether the trial court's verdict is supported by competent evidence in the record and is free from legal error." **Recreation Land Corp. v. Hartzfeld**, 947 A.2d 771, 774 (Pa. Super. 2008) (citation omitted). "[W]e give great deference to the factual findings of the trial court," and questions of law are reviewed under a *de novo* standard. **Id.**

_____

[5] To clarify, the existence of an easement is not being challenged in this appeal. This Court is only being asked to review whether the trial court erred in prescribing the easement's width.

Here, the trial court's factual basis for increasing the prescriptive easement's width to 25 feet was that truck drivers would "require" a "full two-lane road (25 feet) and not a single lane of travel (12.5 feet)." Trial Court Opinion, 2/13/2023, p. 11-12. The trial court also found that these drivers would "need room to swing out in order to reverse and back their trailers up to the loading docks," and that it is "reasonable" to afford drivers 25 feet across the easement to maneuver their vehicles into the loading docks. *Id.*

These findings were erroneous for two reasons. First, there is no evidence as to the extent to which truck drivers used "swing out" or "backing-up" maneuvers to access the loading docks on the Dellaposta property. Nor was any testimony offered as to how wide of a turning radius trucks actually used during the prescriptive period when entering and exiting the loading docks.

To the contrary, Dellaposta's witnesses only recounted that the trucks used a single lane of travel no wider than 12.5 feet when traveling along the paved area between the Dellaposta property and the PCA property. They testified that trucks would either pull straight into or back into the PCA property and then park parallel to the side of the building on the Dellaposta property to access the loading docks. *See* Trial Transcript, 6/9/2021, at pp. 46-48, 157-58. We find no evidence in the record showing that these vehicles ever actually used two full lanes (totaling 25 feet in width) to do so.

- 10 -

Second, by determining the easement's width according to what drivers purportedly "need" (*i.e.*, 12.5 feet) or what would be purportedly "reasonable" (*i.e.*, 25 feet), the trial court did not apply the correct test. Under the proper standard of "actual use," the only relevant consideration in this case is how trucks, in fact, traversed a right-of-way over the prescriptive period of 21 years. ***See generally Hash***, 487 A.2d, at 35-36 (vacating order granting prescriptive easement because the width of the easement had been improperly increased based on the necessity of transporting large equipment through a lane of travel).

In sum, because the width of a prescriptive easement is only established by the extent of actual use during the prescriptive period, the trial court must ascertain the dimensions of that use based on record evidence. We, therefore, vacate in part and remand with instructions for the trial court to pinpoint more precisely the exact bounds of the prescriptive easement within 36 feet based on how the paved area on the Dellaposta property was actually used over a 21-year period. ***See id.*** at 36.

Order vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2023

- 11 -