556 A.2d 912

In re Dennis G. WALTIMYER and Barbara A. Waltimyer, Appellees,

v.

Romaine SMITH, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 8, 1988.

Filed April 4, 1989.

292

John Thompson, Jr., York for appellant.

John R. Gailey, Jr., York, for appellees.

Before BECK, KELLY and HESTER, JJ.

KELLY, Judge:

Romaine Smith appeals from an order determining that Dennis and Barbara Waltimyer owned a right-of-way by prescription as to the driveway located along the property between the parties' residential lots. We affirm the order of the trial court.

The relevant facts as found by the trial court may be summarized as follows. In 1937, Ervin and Clyde Eckert, brothers, owned two adjacent lots and decided to construct a driveway between them with approximately half of the driveway located on each lot. They used the entire driveway in common.

In July of 1947, Clyde Eckert transferred title and possession of his land to Henry Kessler, Jr. Thereafter, Mr. Kessler used the driveway between the lots without requesting or receiving permission to use the portion of the driveway located on Ervin Eckert's lot. In 1976, Mr. Kessler transferred title and possession of his lot to the Waltimyers. They, too, continued to use the portion of the driveway on Ervin Eckert's lot without requesting or receiving permission to do so. Because Ervin Eckert continued to reside in the house on his lot throughout this period, the trial court found that he had actual notice of the use of the portion of the driveway on his lot by both Mr. Kessler and the Waltimyers.

In 1966, Ervin Eckert transferred title and possession of his lot to Mrs. Smith. Until 1984, both the Waltimyers and Mrs. Smith used the driveway in common without requesting or receiving permission to use the portion of the driveway located on the other's lot.

In 1984, however, Mrs. Smith constructed a barrier down the property line obstructing the use of the driveway. The Waltimyers filed suit requesting a declaration of their right-of-way and removal of the barrier erected. Based upon the

foregoing facts and this Court's opinion in *Orth v. Werk-heiser*, 305 Pa.Super. 576, 451 A.2d 1026 (1982), the trial court granted the relief requested. Post-trial motions were denied and this appeal followed.

On appeal, Mrs. Smith contends that the trial court erred in relying on our decision in *Orth*, and that because the Waltimyers failed to establish that the original mutual permissive uses of the Eckert brothers had ceased, adverse use was not established. She urges reconsideration of our rejection in *Orth* of the *dicta* from *Margoline v. Holefelder*, 420 Pa. 544, 218 A.2d 227 (1966), which had stated that even where there is no attempt to tack a prior use to meet the prescriptive period, a permissive use by a predecessor will be deemed to continue permissively by the successor until the contrary is shown. The Waltimyers, on the other hand, contend that *Orth* properly states the controlling law, and that the order of the trial court should be affirmed. We agree.

Our scope of review is limited. We are bound by findings of fact which are supported by the record, but not the trial court's conclusions of law. We must have due regard for the trial court's superior vantage and its prerogatives to access credibility and to believe all, part, or none of the evidence presented. Finally, we may not reverse absent a clear abuse of discretion or an error of law. *See Walley v. Iraca*, 360 Pa.Super. 436, 440–42, 520 A.2d 886, 889 (1987).

An easement or right-of-way by prescription arises by adverse, open, continuous, notorious, and uninterrupted use of the land for twenty-one years. *Walley v. Iraca, supra*, 520 A.2d at 889; *Dunlap v. Larkin*, 342 Pa.Super. 594, 599–601, 493 A.2d 750, 753 (1985); *Hash v. Sofinowski*, 337 Pa.Super. 451, 454–456, 487 A.2d 32, 34 (1985). The scope of the use during the prescriptive period determines the scope of the easement or right-of-way obtained, except with respect to a reasonable evolution of the use which is not unduly burdensome. *Hash v. Sofinowski, supra*, 337 Pa.Superior Ct. at 454–459, 487 A.2d at 34–35.

■ A use based upon permission cannot ripen into a prescriptive right unless the owner of the land is given clear notice that the character of the use has changed from a permissive use to an adverse use, and the adverse use then continues for the full prescriptive period. *See Orth v. Werkheiser, supra,* 451 A.2d at 1028 (collecting cases). A use will be presumed to be permissive in a variety of situations involving familial or fiduciary relationships. *See e.g. Ingles v. Ingles,* 150 Pa. 397, 24 A. 677 (1892) (grantor/grantee); *Appeal of Norris,* 71 Pa. 106 (1872) (executor/heirs); *Clark v. Trindle,* 52 Pa. 492 (1866) (family); *Martin v. Jackson,* 27 Pa. 504 (1856) (agent/principal); *Hart v. Gregg,* 10 Watts 185 (Pa. 1840) (co-heirs); *Union Canal Co. v. Young,* 1 Wh. 410 (Pa.1836) (vendor/vendee); *Priester v. Milleman,* 161 Pa.Super. 507, 55 A.2d 540 (1947) (bailor/bailee). However, when no special relationship exists between the parties, a sufficiently notorious use will be presumed to be enough to alert the owner of the land to an adverse claim, and it will be incumbent upon the owner of the land to establish the alleged permissive use. *See Adshead v. Sprung,* 248 Pa.Super. 253, 375 A.2d 83 (1977); *see also Pierce v. Cloud,* 42 Pa. 102, 114 (1862); *Bellas v. Levan,* 4 Watts 294, 295–301 (Pa.1835); *Walley v. Iraca, supra,* 360 Pa.Super. 436, 442–44, 520 A.2d 886, 890 (1987); *Laskowski v. Raucheisen,* 100 Pa.Super. 428, 431–32 (1930).

■ The fact that a predecessor in interest may have made similar use of the land in question by permission does not affect the adverse character of a successor's use, because the predecessor's prior permissive use involves merely a revocable *personal* license. By its very nature such a license is not alienable:

> That a license is a personal privilege, and not assignable, is a well-settled principle. It is induced almost always by confidence in the character of the licensee. A man may well accord a privilege upon his lands to one person, which he would refuse to all others. Hence it is held that a personal license is not assignable, and that an assignment by a licensee determines his right.... The cases

are numerous in which it has been held that his assignment puts an end to the license.

*Dark v. Johnston,* 55 Pa. 164, 171 (1867); *see also Dailey's Chevrolet v. Worster Realties,* 312 Pa.Super. 275, 281, 458 A.2d 956, 960 (1983); *Hennebont Co. v. Kroger Co.,* 221 Pa.Super. 65, 69, 289 A.2d 229, 231 (1972); *accord Orth v. Werkheiser, supra,* 451 A.2d at 1029.

■ The general rule upon which Mrs. Smith relies, that a use commenced by permission remains permissive until notice of the change in the character of the use is given, simply does not apply to successors in interest, as the license created by the original grant of permission terminates *by operation of law* upon alienation.* Thus, the casual *dictum* in *Margoline v. Holefelder, supra,* must give way to the clear command of *Dark v. Johnston, supra,* and its progeny *Dailey's Chevrolet v. Worster Realties, supra, Orth v. Werkheiser, supra,* and *Hennebont Co. v. Kroger Co., supra.*

■ While a permissive use may arise from a "neighborly accommodation" with respect to a common driveway, no such accommodation was demonstrated here. *Compare Adshead v. Sprung, supra,* and *Stevenson v. Williams,* 188 Pa.Super. 49, 145 A.2d 734 (1958). The trial court specifically found that both Mr. Kessler and the Waltimyers used the driveway at their pleasure continuously for a period of approximately thirty-seven years without asking or receiving permission to do so. Though the Eckert brothers originally used the driveway in common, *permissively,* their mutual permissive uses terminated by operation of law when Clyde Eckert sold his lot to Mr. Kessler. *See Orth v. Werkheiser, supra.* Hence, adverse, open, notorious, and continuous use of the land in question for the prescriptive period was established.

---

* A prior use which commenced by permission, however, could not be tacked for the purpose of fulfilling the prescriptive period unless, and only to the extent that, the prior permissive use had been transformed into an adverse use by appropriate notice to the owner of the land.

Finally, we note that the order of the trial court is supported by sound policy as well as controlling precedent. With respect to this issue, Justice Holmes cogently explained:

A thing which you have enjoyed and used as your own for a long time, whether property or an opinion, takes root in your being and cannot be torn away without your resenting the act and trying to defend yourself, however you came by it. The law can ask no better justification than the deepest instincts of man. It is only by way of reply to the suggestion that you are disappointing the former owner, that you refer to his neglect having allowed the gradual dissociation between himself and what he claims, and the gradual association of it with another. If he knows that another is doing acts which on their face show that he is on the way toward establishing such an association, I should argue that in justice to that other he was bound at his peril to find out whether the other was acting under his permission, to see that he was warned, and, if necessary, stopped.

Holmes, *The Path of the Law*, 10 Harv.L.Rev. 457, 476–77 (1897). The law of prescription thus acts to protect the legitimate, even instinctual, associations which inevitably arise from long, continued use or possession of land.

Order affirmed.