570 A.2d 1079

**Margaret STERNER**

v.

**Walter and Shirley FREED, Appellant.**

Superior Court of Pennsylvania,

Argued Dec. 12, 1989.

Filed March 2, 1990.

256

Edmund G. Hauff, Allentown, for appellant.

Frederick P. Rooney, Allentown, for appellee.

Before BROSKY, WIEAND and JOHNSON, JJ.

JOHNSON, Judge:

Walter and Shirley Freed appeal the chancellor's decree permanently enjoining them from interfering with or obstructing plaintiff Margaret Sterner's reasonable use of a driveway located upon the Freeds' property. On this appeal, we decide that an owner's permission that another may use his land will terminate upon sale of the land and further use of the land is hostile unless permission is again granted. The judgment entered upon the decree is affirmed.

The Freeds and Sterner are owners of adjacent properties. What are now the respective properties of the Freeds and Sterner were, in 1923, each held by Sterner's father, William Weaver. By will, William Weaver directed that the properties be sold by his executors after the death of his wife, Ivy. After Ivy Weaver's death, Sterner received title in the property located at 4715 Main Street, Whitehall, Pennsylvania (4715 property). She has held uninterrupted title in this property ever since. The second property located at 4719 Main Street (4719 property), now owned by the Freeds, was initially sold by William Weaver's estate to executor Harry Weaver and his wife Wilma Weaver. Harry and Wilma Weaver then sold the property to Sterner's niece Marilyn Kern and her husband, Clarence. In 1962, the Kerns sold the lot to Paul Palko. Palko purchased the property for his niece Shirley Freed. Shirley Freed and her husband Walter Freed began living in the property in 1962. Palko resided with his niece from 1972 until his death in 1987. Shortly before his death in 1987, Palko reconveyed the property to himself and Shirley Freed as joint tenants. Upon Palko's death in 1987, Shirley Freed became the property's sole owner and reconveyed the property to herself and husband Walter Freed.

In 1957, prior to the Freeds ownership, a driveway was constructed upon the 4719 property in order that the owners of each adjacent property could reach their respective lots by a rear alleyway. The driveway was constructed at the expense of the Kerns who then owned the 4719 property and Sterner, the owner of the 4715 property. The occupants of both properties regularly used the driveway. This practice continued after the 4719 property was sold to Palko and the Freeds began to reside at that property in 1962.

In February, 1988, the Freeds erected a barrier which obstructed Sterner's access to the driveway. On March 16, 1988, Sterner initiated the present action, contending that she had acquired a prescriptive easement over the driveway. After a hearing, on May 12, 1988, the chancellor issued a Decision and Decree Nisi enjoining the Freeds from inter-

fering with the reasonable use of the driveway. Post-trial motions were heard before the court en banc and denied on March 30, 1989. Judgment was entered against the Freeds on May 26, 1989.

On appeal, the Freeds request that we consider:

I. WHETHER THE COURT OF COMMON PLEAS OF LEHIGH COUNTY ERRED IN FINDING THAT THE APPELLEE, MARGARET STERNER, OBTAINED A PRESCRIPTIVE EASEMENT BY CONTINUOUS, OPEN, HOSTILE, AND ADVERSE USE OVER THE PROPERTY OF THE APPELLANTS, WALTER AND SHIRLEY FREED?

II. WHETHER, ASSUMING THAT A PRESCRIPTIVE EASEMENT WAS ACQUIRED BY THE APPELLEE, MARGARET STERNER, SAID PRESCRIPTIVE EASEMENT PERMITS THE USE OF SAID DRIVEWAY BY THE APPELLEE'S TENANTS?

Our standard of review of a judgment in equity is to determine whether there has been a clear abuse of discretion or error of law. *Walley v. Iraca*, 360 Pa.Super. 436, 441, 520 A.2d 886, 889 (1987). The findings of the chancellor, where affirmed by the court en banc, are given the same effect as the jury verdict and will not be disturbed unless based upon insufficient evidence. *Tioga Coal Company v. Supermarkets General Corporation*, 519 Pa. 66, 75, n. 4, 546 A.2d 1, 5, n. 4 (1988).

At issue I the Freeds dispute the chancellor's determination that the elements of prescription were satisfied. In particular they argue that hostile possession was not established. In order to prevail on a claim of prescription, Sterner was required to show that her use of the Freeds' driveway was actual, continuous, adverse, visible, notorious and hostile for a period of twenty-one years. *Hash v. Sofinowski*, 337 Pa.Super. 451, 455, 487 A.2d 32, 34 (1985).

The chancellor determined that construction of the driveway was a common undertaking between relatives, Sterner and the Kerns and thus use of the driveway, when first

constructed, was permissive. Also, the chancellor found, and the Freeds do not dispute, that Sterner used this driveway openly, continuously and notoriously from the date of construction in 1962 until the Freeds' barrier was erected in 1988. However, the chancellor concluded, and we agree, that permissive use of the driveway was implicitly rescinded upon sale, in 1962, of the servient tenement to Palko, Shirley Freed's uncle. Thus, Sterner's continued notorious use after Palko received title was adverse.

Our resolution of this matter is controlled by this court's decisions in *Orth v. Werkheiser*, 305 Pa.Super. 576, 451 A.2d 1026 (1982) and *Waltimyer v. Smith*, 383 Pa.Super. 291, 556 A.2d 912 (1989). The *Orth* court began with the principle that a permissive use cannot ripen into prescription. The court also recognized that permissive use terminates upon the transfer of ownership in the servient tenement. *Orth v. Werkheiser*, 305 Pa.Super. at 580, 451 A.2d at 1028. From this the court derived its holding with respect to the effect of a sale of the dominant tenement. It determined that permissive use will also terminate upon transfer of ownership in the dominant tenement since permissive use is personal to the initial grantee. *Id.* These principles were reaffirmed in *Waltimyer* 383 Pa.Super. at 295–296, 556 A.2d at 914–915.

Based upon *Orth* and *Waltimyer*, we have no difficulty concluding that Sterner's permissive use of the driveway terminated upon the Kern's sale of the servient tenement to Palko in 1962. Where the grantor permits another to use a common driveway, the grantor creates a revocable personal license. *See Waltimyer*, 383 Pa.Super. at 295, 556 Pa.Super. at 914. Such licenses do not extend beyond the ownership of the grantor. *Puleo v. Bearoff*, 376 Pa. 489, 103 A.2d 759 (1954); *Thompson v. Commonwealth*, 214 Pa.Super. 329, 257 A.2d 639 (1969).

The Freeds contend that the supreme court's decision in *Margoline v. Holefelder*, 420 Pa. 544, 218 A.2d 227 (1966) dictates a contrary result. Specifically, they rely

upon the language of *Margoline* which states, "even where there is no attempt at tacking of uses by the adverse user a prior permissive use by a predecessor in title will be deemed to continue as such *until the contrary is shown.*" They essentially argue that this statement implicitly rejects succession in ownership as proof that permission has been terminated because the statement purports to require clear and convincing proof even after the transfer in title. As explained in both *Orth* and *Waltimyer*, this language is dicta appearing in a decision which neither addressed the issue before the *Orth* and *Waltimyer* courts, nor the issue before us, whether a permissive use terminates upon succession of interest. Moreover, this language refers to the succession of interest in the dominant tenement which is not the case before us. Thus, *Margoline* is inapposite under the facts of this case. Once the Kerns sold their property to Palko, Sterner's permission was revoked and her continued use was taken against the new owner's interest unless permission was once again granted.

The Freeds contend that permission was granted by one-time joint property owner Palko. Shirley Freed alleges that she overheard a conversation between Palko and Clarence Kern in which Palko agreed to permit Sterner continued use of the driveway. Clarence Kern denies any knowledge of this conversation. The chancellor, as trier of fact, was entitled to disbelieve Shirley Freed and believe Kern. We accept the chancellor's conclusion.

 Where a familial or fiduciary relationship exists, permissive use will be presumed. *Waltimyer v. Smith*, 383 Pa.Super. at 295, 556 A.2d at 914. However, where, as here, there is no special relationship between the parties, notorious use provides sufficient notice to the owners of the servient tenement that their land is being used adversely. *Id.* The burden then shifts to the servient tenement owners, the Freeds, to prove that the use was not hostile but permissive. *Id.* It is clear from the record that the use of the Freeds' driveway was notorious. However, the only evidence of permission, Shirley Freed's testimony, was

disbelieved by the chancellor. Thus, Shirley Freed did not carry her burden to prove permissiveness.

In addition, the record supports the chancellor's finding of hostility. Sterner testified that she had never discussed her use of the driveway with Palko or the Freeds; she never asked nor did she receive permission to use the driveway. Also, Sterner permitted her family members and guests to use the driveway on a regular basis and she advised her tenant that the tenant had a "right" to use the driveway. Under these circumstances, the following legal principle applies:

> "[W]here one uses an easement whenever he sees fit, without asking leave, and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty-one years is a title which cannot be afterwards disputed."

[Citations omitted]. *Adshead v. Sprung,* 248 Pa.Super. 253, 375 A.2d 83, 85 (1977). Sterner's adverse use continued from 1962 until 1988 when the barrier was erected, a period of twenty-six years. Accordingly, the evidence was sufficient to establish that Sterner acquired an easement by prescription.

Next, the Freeds contend that even if an easement has been acquired, the current use of the driveway by Sterner's tenant is an unreasonable enlargement of the use during the prescriptive period. We disagree. During the prescriptive period, Sterner permitted family members to live with her at no cost and to use the driveway for access to the alleyway. The only difference in this practice is that the person who now lives with Sterner pays for the privilege to do so. "Normal evolution of the dominant tenement permits reasonable increases in the burden imposed upon the servient tenement." *Hash v. Sofinowski,* 337 Pa.Super. 451, 458, 487 A.2d 32, 36 (1985); *Bodman v. Bodman,* 456 Pa. 412, 321 A.2d 910 (1974). There is no evidence that the driveway is being used more frequently or in a different manner than the use during the prescriptive period. Accordingly, there has been no unreasonable enlargement of the easement. For the foregoing reasons, we affirm the

judgment entered upon the decree of Chancellor David E. Mellenberg.

Judgment affirmed.