J-A19042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HOWARD P. & CAROL N. ANGSTADT AND GARY L. & SHERRE A. GAERTNER AND THOMAS D. & MICHELLE M. MCLAUGHLIN<br><br>v.<br><br>GARY J. AND MELISSA FADDIS AND UNKNOWN HEIRS AND/OR ADMINISTRATORS OF THE ESTATE OF ISAAC J. BOOTH AND UNKNOWN HEIRS AND/OR ADMINISTRATORS OF THE ESTATE OF WILHELMINA SMEDLEY AND UNKNOWN HEIRS AND/OR ADMINISTRATORS OF THE ESTATE OF JAMES DAY<br><br>APPEAL OF: GARY J. AND MELISSA FADDIS | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br>No. 2605 EDA 2015 |

Appeal from the Judgment Entered September 15, 2015
in the Court of Common Pleas of Delaware County Civil Division
at No(s): 2012-005034

| | |
|---|---|
| HOWARD P. & CAROL N. ANGSTADT AND GARY L. & SHERRE A. GAERTNER AND THOMAS D. & MICHELLE M. MCLAUGHLIN<br><br>v.<br><br>GARY J. AND MELISSA FADDIS AND UNKNOWN HEIRS AND/OR ADMINISTRATORS OF THE ESTATE OF ISAAC J. BOOTH AND UNKNOWN HEIRS AND/OR ADMINISTRATORS OF THE ESTATE OF WILHELMINA SMEDLEY AND UNKNOWN HEIRS AND/OR ADMINISTRATORS OF THE ESTATE OF JAMES DAY | IN THE SUPERIOR COURT OF PENNSYLVANIA |

J-A19042-16

APPEAL OF: HOWARD P. & CAROL N.
ANGSTADT AND GARY L. & SHERRE A.     No. 2606 EDA 2015
GAERTNER

Appeal from the Judgment Entered September 15, 2015
in the Court of Common Pleas of Delaware County Civil Division
at No(s): 2012-005034

BEFORE: FORD ELLIOTT, P.J.E., OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:     **FILED OCTOBER 28, 2016**

Appellants/Cross-Appellees, Gary J. and Melissa Faddis ("Faddis"), appeal from the judgment[1] entered in the Delaware County Court of Common Pleas finding that they had abandoned any express easement and/or any other form of easement proving they had a right of ingress and egress along Copes Lane. Appellees/Cross-Appellants, Howard P. & Carol N. Angstadt ("Angstadt"), and Gary L. & Sherre A. Gaertner ("Gaertner"), appeal from the judgment entered in the Delaware County Court of Common Pleas denying their claims of adverse possession of the parcel known as Copes Lane. We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Although the parties filed their appeals after the denial of their post-trial motions, which pre-dated the entry of judgment, the appeals were perfected when judgment was entered on September 15, 2015. *See* Pa.R.A.P. 905(a)(5); ***Johnston the Florist, Inc. v. TEDCO Const. Corp***., 657 A.2d 511, 514-15 (Pa. Super. 1995) (*en banc*) (stating that appellate courts may "regard as done that which ought to have been done"); *see also **Levitt v. Patrick***, 976 A.2d 581, 584 n.2 (Pa. Super. 2009) (stating that appeal properly lies from the entry of judgment, not from order denying post-trial motion).

- 2 -

J-A19042-16

We adopt the facts set forth by the trial court's opinion. **See** Trial Ct. Op., 10/21/15, at 7-11.[2] The parties stipulated, *inter alia*, to the following:

> 15. The September 26, 1991 Faddis Deed does not make any reference to Copes Lane.
>
> 16. On or about May 7, 2012, Gary J. Faddis and Melissa Faddis recorded a Deed dated April 4, 2012 from themselves to themselves . . . .
>
> 17. The May 7, 2012 deed added the following language to their prior Deed: "Together with the right of ingress and egress to and from said premises to Edgmont Road along property of Wilhelmine Smedley AND Copes Lane as the same is now used."
>
> *    *    *
>
> 20. The Faddis' predecessor in title was Howard H. Faddis, Jr. and Dorothy S. Faddis, his wife, who purchased the property from John b. Hanley and Gertrude Hanley on August 7, 1952 . . . .
>
> 21. That Deed contains the following statement: "Together with the right of ingress and egress to and from said premises to Edgmont Road along property of Wilhelmina Smedley, as the same is now used.
>
> *    *    *

---

[2] We note the trial court opinion refers to the Agreed Stipulation of Facts Between Counsel for Plaintiff and Counsel for Defendant. **See** R.R. at 67a-73a. "The stipulation of facts is binding on both the parties and on this court, and facts effectively stipulated are controlling and conclusive." ***Kennedy Boulevard Assoc. I, L.P. v. Tax Review Bd. of City of Phila.***, 751 A.2d 719, 724 (Pa. Cmwlth. 2000) (quotation marks and citation omitted). For the parties' convenience, we refer to the reproduced record where applicable.

- 3 -

32. [Faddis] live in the property formerly belonging to Howard H. Faddis, Jr. and Dorothy S. Faddis. The water line servicing their property runs from old Middletown Road down Cope[s] Lane to their property. The water line has been in continuous use since at least December 4, 1956.

\* \* \*

39. **In 1994, [Faddis] installed 4' high post and rail fence along the rear and sides of their property.**

40. The Faddis rear yard fence was installed pursuant to a Building Permit which issued by Middletown township on June 1, 1994 . . . .

41. The Faddis fence runs perpendicular to and crossed over Copes Lane, ending at and abutting up to the McLaughlin's corner fence post. **It was originally installed without a gate.**

42. In or about April of 2012, [Faddis] removed the section of their post and rail fence which crossed Copes Land and replaced it with a double gate.

R.R. at 69a-72a (emphases added).

The parties filed post-trial motions, which the court denied. These appeals followed. The parties filed court-ordered Pa.R.A.P. 1925(b) statements of errors complained of on appeal. The trial court filed a responsive opinion.

Faddis raises the following issues for our review:

I. Did the [t]rial [c]ourt abuse its discretion and commit an error of law in finding that . . . Faddis abandoned their easement of ingress and egress over Copes Lane where in the same decision the court found "[Faddis has] through clear and concise evidence proven the actual, continuous, exclusive, visible, notorious, distinct and hostile possession of that portion of Copes Lane where their water line is located since 1954. . ." because any use of their easement

- 4 -

of ingress and egress, even for the limited purpose of utilities, as a matter of law, precludes a finding that they abandoned their easement?

II. Did the trial court commit an error of law or an abuse of discretion in determining that [Appellees] McLaughlin had established, by clear and convincing evidence, adverse possession of the area of Copes Lane located within their fence where the court did not follow the controlling precedent announced in the Superior Court's decision in *Flannery v. Stump*[, 786 A.2d 255 (Pa. Super. 2001)] which precludes a finding of hostile possession on facts identical to the facts in this case?

Faddis' Brief at 4-5.

Faddis contends that any use of the easement of ingress and egress, even for the limited purpose of utilities, precludes a finding that they abandoned their easement. *Id*. at 19. Faddis avers "evidence of intent of the easement holder to abandon the easement is the key to the analysis of easement abandonment." *Id.* at 23-24. They claim "[s]ince the [t]rial [c]ourt found that . . . Faddis had made continuous use of their easement of ingress and egress for utilities, it abused its discretion and committed an error of law by holding in the same decision they abandoned the very same easement." *Id.* at 25. The trial court erred in "finding that . . . Faddis abandoned their easement of ingress and egress and in the same decision declaring they had established a prescriptive utility easement."[3] *Id.* Faddis is denied relief.

---

[3] We note

Our review is governed by the following principles:

> Our scope of review is limited. We are bound by findings of fact which are supported by the record, but not the trial court's conclusions of law. We must have due regard for the trial court's superior vantage and its prerogatives to access credibility and to believe all, part, or none of the evidence presented. Finally, we may not reverse absent a clear abuse of discretion or an error of law.

***Waltimyer***, 556 A.2d at 913.

In ***Buffalo Twp. v. Jones***, 813 A.2d 659 (Pa. 2002), our Pennsylvania

Supreme Court held that

> [i]n evaluating whether the user abandoned the property, the court must consider whether there was an intention to abandon the property interest, together with external acts by which such intention is carried into effect. In order to establish the abandonment of a right-of-way, the evidence must show that the easement holder intended to give up its right to use the easement permanently. Such conduct must consist of some **affirmative** act on his part which renders use of the easement impossible, or of some **physical obstruction** of it by him in a manner that is inconsistent with its further enjoyment.
>
> *    *    *

---

> An easement or right-of-way by prescription arises by adverse, open, continuous, notorious, and uninterrupted use of the land for twenty-one years. The scope of the use during the prescriptive period determines the scope of the easement or right-of-way obtained, except with respect to a reasonable evolution of the use which is not unduly burdensome.

***Waltimyer v. Smith***, 556 A.2d 912, 913-14 (Pa. Super. 1989).

In sum, many different factors can be considered when making a determination of abandonment. Moreover, no single factor alone is sufficient to establish the intent to abandon. Abandonment must be determined based upon all of the circumstances surrounding the alleged abandonment.

*Id.* at 664–65 (quotation marks and citations omitted).

Instantly, the trial court

found that Angstadt, Gaertner and McLaughlin proved through clear and convincing evidence that Faddis erected a post and rail fence surrounding the rear yard of the Faddis property and across their point of access to Copes Lane in 1994. The Faddis's post and rail fence did not include a gate at their point of access to Copes Lane, and Copes Lane became over-grown at the point of access to the Faddis property. **The construction of this fence rendered the use of the easement impossible** and was inconsistent with its further enjoyment. The record clearly indicates that this fence and overgrowth limited ingress and egress to Copes Lane from the Faddis property. It was only following the Gaertner zoning hearing in January 2012 that Faddis prepared and filed the 2012 Faddis corrective Deed, cleared over-growth using a chemical agent, installed a gate in their fence at the access point to Copes Lane, and began pedestrian and motor vehicle use of Copes Lane to access the public roadway.

\* \* \*

On the claim of Angstadt, Gaertner and McLaughlin against Faddis and based upon the asserted right to a prescriptive easement along Copes Lane for the placement underground, maintenance, repair and replacement of a lateral water line servicing the Faddis property by connecting to the main public water service line located in and along south Old Middletown Road, Middletown Township, Delaware County, Pennsylvania, this [c]ourt found in favor of Faddis confirming the prescriptive easement for a public water line and against Angstadt, Gaertner and McLaughlin and each of the remaining defendants, Unknown Heirs and/or Administrators of the

- 7 -

Estate of Isaac J. Booth, Unknown Heirs and/or Administrators of the Estate of Wilhelmina Smedley, and Unknown Heirs and/or Administrators of the Estate of James Day.

On the claim of Angstadt, Gaertner and McLaughlin against Faddis that Faddis abandoned any express easement granted by the 1952 Faddis Deed, the 1991 Faddis Deed and/or the 2012 Faddis Corrective Deed, and/or any other form of easement Faddis claims provide a right of ingress and egress along Copes Lane, this [c]ourt found in favor [of] Angstadt, Gaertner and McLaughlin and the remaining defendants, Unknown Heirs and/or Administrators of the Estate of Isaac J. Booth, Unknown Heirs and/or Administrators of the Estate of Wilhelmina Smedley, and Unknown Heirs and/or Administrators of the Estate of James Day.

Trial Ct. Op. at 15-17 (emphasis added and footnote omitted).

Although the Deed of Howard H. Faddis Jr. and Dorothy S. Faddis contained the right of ingress and egress to Copes Lane, the installation of the post and rail fence by Faddis along the Faddis property in 1994 blocked the access to and from the Faddis property to Copes Lane. This physical obstruction rendered the use of the easement impossible and, therefore, Faddis effectively abandoned the easement. **See Buffalo Twp.**, 813 A.2d at 664-65. We discern no abuse of discretion or error of law. **See Smith**, 556 A.2d at 913.

Next, Faddis contends the trial court erred in finding that McLaughlin had established adverse possession of the area of Copes Lane located within the McLaughlin's fence and ignoring controlling precedent in **Flannery**, **supra**. Faddis Brief at 28. Faddis claims that because McLaughlin thought

the fence was on his own property until 1995, he did not meet the requirements for adverse possession. *Id.* at 33. We disagree.

> The elements necessary to establish adverse possession are as follows:

> > Adverse possession is an extraordinary doctrine which permits one to achieve ownership of another's property by operation of law. Accordingly, the grant of this extraordinary privilege should be based upon clear evidence. *Edmondson v. Dolinich*, [ ] 453 A.2d 611, 614 (Pa. Super. 1982) ("It is a serious matter indeed to take away another's property. That is why the law imposes such strict requirements of proof on one who claims title by adverse possession.") One who claims title by adverse possession must prove actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years. Each of these elements must exist; otherwise, the possession will not confer title.

> *Recreation Land Corp. v. Hartzfeld*, 947 A.2d 771, 774 (Pa. Super. 2008) (quoting *Flannery*[, 786 A.2d at 258] (certain citations omitted), [ ]).

*Showalter v. Pantaleo*, 9 A.3d 233, 235 (Pa. Super. 2010).[4]

"While the word 'hostile' has been held not to mean ill will or hostility, it does imply the intent to hold title against the record title holder." *Tioga Coal Co. v. Supermarkets Gen. Corp.*, 546 A.2d 1, 3 (Pa. 1988) (citation omitted). Furthermore, "[i]n *Schlagel v. Lombardi*, [ ] 486 A.2d 491 ([Pa. Super.] 1984), [the] Superior Court observed that **possession may**

---

[4] We note that "[a] prescriptive easement differs from land acquired by adverse possession, because an adverse possessor acquires the land in fee, whereas the prescriptive easement holder is only entitled to an easement-like use." *Soderberg v. Weisel*, 687 A.2d 839, 843 (Pa. Super. 1997).

**be hostile even if the claimant** knows of no other claim and **falsely believes that he owned the land in question**[.]" *Id.* (emphases added).

Instantly, the trial court opined:

> McLaughlin was successful in proving adverse possession of the specific area of Copes Lane inside the rear yard fence on the McLaughlin property. McLaughlin since 1989 held the portion of Copes Lane inside a fence line exclusively for themselves and believed that land to be their property. In 1995, during the process of replacing the fence, McLaughlin learned they did not hold title to the Copes Lane portion of their rear yard, but nevertheless, they directed the contractor to place the new fence in the same location as the original fence. This conduct demonstrates their contention that they have exercised actual, continuous, exclusive, visible, notorious, distinct and hostile possession of that portion of Copes Lane for twenty-one years.

Trial Ct. Op. at 13.

Even though McLaughlin falsely believed he owned the land in question, possession may be hostile. *See Tioga Coal Co.*, 546 A.2d at 3. Thus, the elements of adverse possession have been established. *See Showalter*, 9 A.3d at 235. We find no abuse of discretion by the trial court. *See Waltimyer*, 556 A.2d at 913.

Angstadt and Gaertner raise the following issues for our review:

> [1.] Did the [t]rial [c]ourt commit error of law and abused [sic] its discretion by failing to determine the easement language in the Angstatdts' Deed regarding Copes Lane had a sunset provision and the grantors in their chain of title have not used Copes Lane for over half a century, therefore the Angstadts' use was not permissive?
>
> [2.] Did the [t]rial [c]ourt commit error of law and abuse its discretion by failing to grant [Angstadt] title by adverse

possession of the portion of Copes Lane which they had maintained since 1964?

[3.] Did the [t]rial [c]ourt commit error of law and abuse its discretion by failing to grant [Gaertner] title by adverse possession of the portion of Copes Lane they had maintained and used since 1987 by relying on Mr. Gaertner's failure to assert ownership before a Zoning Hearing Board?

[4.] Did the [t]rial [c]ourt commit error of law and abuse its discretion in failing to find the "1991 Faddis Deed" did not convey a right of ingress and egress along Copes Lane?

[5.] Did the [t]rial [c]ourt commit error of law and abuse its discretion by failing to find the "2012 Faddis corrective Deed" was a nullity as it relates to conveyance of any title or right of ingress and egress along Copes Lane to and from South Old Middletown Road?

Angstadt-Gaertner's Brief at 19.[5]

We address the first two issues together because they are interrelated. Angstadt contends the trial court erred in determining that the Angstadt deed contains an express easement to Copes Lane based upon the following language: "TOGETHER with the right and use of the LANE leading from Old Middletown Road (formerly Edgmont Great Road) to Herman Cope's property so far as the right, title and use of the same remains in the Grantors." *Id.* at 30. They claim their permissive use changed to hostile use. *Id.* They argue they satisfied the elements of adverse possession by maintaining the

---

[5] For ease of disposition, we have numbered the issues.

property, which "included cutting grass, raking leaves, cleaning up trash, limbs and branches." *Id.* at 32 (citations omitted). We find no relief is due.

In *Waltimyer*, this Court opined:

> A use based upon permission cannot ripen into a prescriptive right unless the owner of the land is given clear notice that the character of the use has changed from a permissive use to an adverse use, and the adverse use then continues for the full prescriptive period.

*Waltimyer*, 556 A.2d at 914. "Where the possession, at its inception, is permissive, . . . (adverse possession) will not begin to run against the real owner [u]ntil there has been some subsequent act of disseizin or open disavowal of the true owner's title . . . ." *Roman v. Roman*, 401 A.2d 361, 363 (Pa. 1979) (citation omitted).

The trial court opined:

> Angstadt failed to prove by clear and convincing evidence actual, continuous, exclusive, visible, notorious, distinct and hostile possession over any portion of Copes Lane. Rather, the 1964 Angstadt Deed includes the grant of an express easement to Angstadt for ingress and egress along Copes Lane. Therefore, Angstadts' possession of Copes Lane is permissive.

Trial Ct. Op. at 12-13.

The record doesn't establish a subsequent act that would convert Angstadt's permissive use of Copes Lane into adverse possession. *See Roman*, 401 A.2d at 363; *Waltimyer*, 556 A.2d at 914. We discern no abuse of discretion by the trial court. *See id.* at 913.

- 12 -

Lastly, we address the Gaertner claim that the trial court erred in failing to grant them title by adverse possession of the portion of Copes Lane that they had maintained and used since 1987 by relying upon Gaertner's failure to assert ownership before a Zoning Hearing Board. Angstadt-Gaertner's Brief at 35. Gaertner contends that "he cut grass, trimmed branches, raked leaves and maintained the grounds as his own." *Id.* (citation omitted). He erected a shed and maintained a garden and a woodpile on Copes Lane. *Id.* (citation omitted). Gaertner argues that "[t]he [t]rial [c]ourt committed reversible error by failing to consider and determine that [Gaertner] exercised open, continuous, notorious, visible exclusive and hostile possession over the portion of Copes Lane they maintained for over 21 years . . . ." *Id.*

At the hearing on March 26, 2015, Gaertner testified as follows on cross examination.

> [Counsel for Faddis]: You told the Zoning Hearing Board [in January 2012] that you did not own Copes Lane. Is that correct?
>
> A: That's correct.
>
> Q: And you did not include any of Copes Lane when made your ground calculations for your setbacks. Is that correct?
>
> A: That's correct. In fact, I said at the Zoning Board meeting that if I did owe [sic] Copes Lane, I would not have to be before them.
>
> Q: And that was—

- 13 -

A: Or half of Copes Lane, I wouldn't have had to have been before them.

Q: And that's the truth. If you had half of Copes Lane, you wouldn't have needed that variance?

A: That's correct.

\* \* \*

Q: **You never blocked Copes Lane or fenced it or tried to prevent anyone else from going—using Copes Lane.** Is that correct?

A: That's correct.

Q: **So other than seasonally picking up a few fallen branches and cutting some grass, you did nothing to announce to the rest of the world that you were claiming Copes Lane as your property**. Is that correct?

A: **That's correct**.

R.R. at 210a-11a (emphases added).

The trial court opined:

Since Gaertner admitted at the January 2012 Middletown Township Zoning Hearing no ownership or any portion of Copes Lane, Gaertner cannot prove the elements of adverse possession through sufficient evidence. Gaertner also failed to establish exclusive possession of any portion of Copes Lane.

Trial Ct. Op. at 13.

Gaertner has not proven actual, continuous, exclusive, visible, notorious, distinct and hostile possession of Copes Lane for twenty-one years. *See Showalter*, 9 A.3d at 235. Therefore, Gaertner cannot claim

- 14 -

title by adverse possession. ***See id.*** We find no abuse of discretion by the trial court. ***See Waltimyer***, 556 A.2d at 913.[6]

Accordingly, for all of the foregoing reasons, the judgment is affirmed.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2016

---

[6] Given our resolution of the first issue raised by Faddis on appeal, we need not address the fourth and fifth issues raised by Angstadt and Gaertner.

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY,
PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| HOWARD P. & CAROL N. ANGSTADT | : | NO. 2012-005034 |
| | : | |
| and | : | |
| | : | |
| GARY L. & SHERRE A. GAERTNER | : | |
| | : | |
| and | : | |
| | : | |
| THOMAS D. & MICHELLE M. McLAUGHLIN | : | |
| | : | |
| v. | : | |
| | : | |
| GARY J. & MELISSA FADDIS | : | |
| | : | |
| and | : | |
| | : | |
| UNKNOWN HEIRS AND/OR ADMINISTRATORS OF THE ESTATE OF ISAAC J. BOOTH | : | |
| | : | |
| and | : | |
| | : | |
| UNKNOWN HEIRS AND/OR ADMINISTRATORS OF THE ESTATE OF WILHELMINA SMEDLEY | : | |
| | : | |
| and | : | |
| | : | |
| UNKNOWN HEIRS AND/OR ADMINISTRATORS OF THE ESTATE OF JAMES DAY | : | |

Timothy F. Sullivan, Esquire
Joseph B. Van Wyk, Esquire

GREEN, J.                                    FILED: October 21, 2015


OPINION


The parties each appealed the Trial Court's June 8, 2015 Decision following a

three day bench trial.[1] Post-trial motions were denied by Orders dated July 15, 2015.

The plaintiffs in the underlying matter, Howard P. Angstadt and Carol N. Angstadt,

Gary L. Gaertner and Sherre A. Gaertner, and Thomas Daniel McLaughlin and

Michelle Marie McLaughlin filed a Statement of Matters of Complained of on

Appeal on September 18, 2015 and raise the following issues for appellate review:

1. The Honorable Court committed an error of law and an abuse of discretion
in failing to find that the "1991 Faddis Deed" did not convey a right of ingress
and egress along Copes Lane to and from South Old Middletown Road. An
easement for ingress and egress along Copes Lane was not necessary for the
use and enjoyment of the Faddis property. The testimony of all the Plaintiffs
was that the Fadddises [sic] did not use Copes Lane to get to and from their
property to South Old Middletown Road by vehicle, motorcycle or walking for
decades prior to the initiation of this litigation.

2. The Honorable Court committed an error of law and an abuse of discretion
in failing to find that the "2012 Faddis Corrective Deed" from themselves to
themselves was a nullity as it relates to the language inserted conveying a right
of ingress and egress along Copes Lane to and from South Old Middletown
Road. Defendant, Gary Faddis, testified that in 1991 he and his wife bought
out his brother and his sister. His brother and his sister were alive on the date
of the trial and Mr. Faddis' brother and sister did not execute the Deed of
Correction. At a minimum, for the 2012 Faddis Deed of Correction to have been
valid, it needed to be signed by the original grantors.

---

[1] Cross Appeals 2605 EDA 2015 and 2606 EDA 2015 have been consolidated.

2

3. The Honorable Court committed an error of law and an abuse of discretion in failing to find that the easement language in the Angstadt Deed had a sunset provision: "Together with the right and use of the land...**so far as the right, title and use of the same remains in the Grantors**".

4. The Honorable Court committed an error of law and an abuse of discretion in failing to find that the Angstadts' grantors and all the grantors in their chain of title have not used Copes Lane for over a half century.

5. The Honorable Court committed an error of law and an abuse of discretion in failing to grant the Angstadts adverse possession of the portion of Copes Lane which they had maintained since on or about 1964. The Angstadts proved by a clear and convincing evidence that they had actual, continuous, exclusive, visible, notorious and distinct possession of a portion of Copes Lane. When all other elements of adverse of possession are met, hostility can be implied to establish adverse possession.

6. The Honorable Court committed an error of law and an abuse of discretion in failing to grant the Gaertners adverse possession of the portion of Copes Lane which they had maintained and used for a garden, a wood pile, a shed and storage of trash cans and ladders since on or about 1987.

7. The Honorable Court committed an error of law and an abuse of discretion in finding that the failure of Plaintiff Gaertner to assert ownership of a portion of Copes Lane in a zoning case for a dimensional variance defeats the Gaertners' claim for adverse possession. The Court seems to imply Plaintiff Gaertners would have been able to minimize or eliminate the need for a variance. There was also testimony in the record that the Zoning Hearing Board did not want to hear testimony about Copes Lane. NT Page 118.

8. The Honorable Court committed an error of law and an abuse of discretion in finding that the "Angstadts" possession of Copes Lane is permissive." Counsel believe the Court is relying upon the easement language in the Angstadt Deed. The strip of lane at issue is an orphaned strip of land that is not contained in any of the deeds of the four abutting property owners, i.e., Angstadt, Faddis, McLaughlin and Gaertner. The unknown heirs of Defendants, Day, Smedley and Booth are not defending the Plaintiffs' claims of ownership of portions of Copes Lane abutting their properties by adverse possession.

3

9. The Honorable Court committed an error of law and an abuse of discretion in finding that the Angstadts' possession of Copes Lane is permissive.

The defendants in the underlying matter, Gary J. Faddis and Melissa Faddis, also filed a Statement of Matters of Complained of on Appeal on September 8, 2015 and raise the following issues for appellate review:

1. The Honorable Court committed an error of law and an abuse of discretion in granting Plaintiffs, McLaughlin adverse possession of the portion of Copes Lane located within their fence. The uncontroverted facts in this case establish that the McLaughlins did not know their fence encroached on Copes Lane until they replaced it in 1995. That was 17 years prior to the filing of this law suit and 4 years short of the statutorily required 21 years. The Honorable Court committed an error of law and an abuse of discretion by not applying the controlling precedent announced in the Superior Court's decision in *Flannery v. Stump*, 803 A.2d 735 (Pa. 2002) which precluded the finding of hostile possession of facts identical to the facts of this case.

2. The Honorable Court committed an error of law and an abuse of discretion in granting Plaintiffs, McLaughlin adverse possession of the portion of Copes Lane located within their fence. The uncontroverted facts in this case establish that the McLaughlins never told anyone they could not use Copes Lane and quietly allowed the use of Copes Lane by the neighborhood as part of a neighborly accommodation thus precluding this Court's finding of exclusive, notorious, distinct and hostile possession of the land for 21 years.

3. The Honorable Court committed an error of law and an abuse of discretion in granting Plaintiffs, McLaughlin adverse possession of the portion of Copes Lane located within their fence in that the facts of this case are insufficient to support this Court's finding.

4. The Honorable Court committed an error of law and an abuse of discretion in finding Defendants, Faddis abandoned their Easement of Ingress and Egress over Copes Lane where the uncontroverted facts in this case establish that the Faddis have an express easement granted in the chain of title to their property

4

dating back to 1851 granting a right of ingress and egress to their property from Old Middletown Road over Copes Lane.

5. The Honorable Court committed an error of law and an abuse of discretion in finding Defendants, Faddis abandoned their Easement of Ingress and Egress over Copes Lane by not giving effect to the express language contained in the Faddis Deed of Correction.

6. The Honorable Court committed an error of law and an abuse of discretion in finding Defendants, Faddis abandoned their Easement of Ingress and Egress over Copes Lane by failing to apply controlling legal precedent that mere non-use of an express easement by its own owner, no matter how long continued, does not manifest an intent to abandon the easement.

7. The Honorable Court committed an error of law and an abuse of discretion in finding Defendants, Faddis abandoned their Easement of Ingress and Egress over Copes Lane based on the Court's finding the Defendants, Faddis installed a fence across their back yard in June of 1994 and installed a double gate in that fence by April of 2012, 18 years later, where the fence was in place of less than 21 years.

8. The Honorable Court committed an error of law and an abuse of discretion in finding Defendants, Faddis abandoned their Easement of Ingress and Egress over Copes Lane where the uncontroverted facts in this case establish that Defendants, Faddis never intended to abandon the easement and continued to use it for ingress and egress to get to Old Middletown Road as did the Faddis children to get to school for 13 years prior to the filing of the law suit. The Honorable Court committed an error of law and an abuse of discretion by not applying the controlling legal precedent that the key to analysis of easement abandonment is the intent of easement holder. Said uncontroverted facts of record preclude this Honorable court from finding Defendants, Faddis demonstrated an unequivocal, purposeful intent to forever close off the future use of their easement of Ingress and Egress over Copes Lane.

9. The Honorable Court committed an error of law and an abuse of discretion in finding Defendants, Faddis abandoned their Easement of Ingress and Egress over Copes Lane where this Honorable Court in the same Order and Decision found "The Defendants Faddis have through clear and concise evidence proven the actual, continuous, exclusive, visible, notorious, distinct and hostile possession of that portion of Copes Lane where their water line is located since

5

1954, being a period in excess of twenty-one years." The Court's finding that the Defendants, Faddis established a prescriptive easement by "the actual, continuous, exclusive, visible, notorious, distinct and hostile possession of that portion of Copes Lane" for their water line as a matter of law precludes a finding that the Defendants Faddis abandoned their easement of Ingress and Egress.

10. The Honorable Court committed an error of law and an abuse of discretion in finding Defendants, Faddis abandoned their Easement of Ingress and Egress over Copes Lane in that the facts of this case are insufficient to support this Court's finding.

Howard P. Angstadt and Carol N. Angstadt (hereinafter "Angstadt"), reside at 490 South Old Middletown Road, Media, Pennsylvania, having purchased their property on October 22, 1964. (03/15/15 N.T., p. 34.) The deed (the "1964 Angstadt Deed") describes the Angstadt property as being "... on the northerly side of and in line with the northerly side of Copes Lane." P-5. Gary L. Gaertner and Sherre A. Gaertner (hereinafter "Gaertner") reside at 496 South Old Middletown Road, Media, Pennsylvania, having purchased their property on August 21, 1987. (03/26/14 N.T., p.4). The deed (the "1987 Gaertner Deed") describes the Gaertner property as "... by a private lane of lands now or late of Herman Cope." P-6. Thomas Daniel McLaughlin and Michelle Marie McLaughlin (hereinafter "McLaughlin") reside at 500 South Old Middletown Road, Media, Pennsylvania, having purchased their property on October 27, 1989. (N.T. 3/26/15, p.70). The deed (the "1989 McLaughlin Deed") describes the McLaughlin property as "... to an existing pipe on the Southwesterly side of Copes Lane, thence extending on the said side of Copes Lane." P-6.

Gary J. Faddis and Melissa Faddis (hereinafter "Faddis"), reside at 445 South New Middletown Road, Media, Pennsylvania, having acquired their property by deed from Howard H Faddis, III, and Dorothy Faddis, Co-Executors of the Estate of Howard H. Faddis, Deceased, and Dorothy S. Faddis, individually on September 26, 1991 (the "1991 Faddis Deed"). CT-1, Stipulation of Facts, ¶13. Howard N. Faddis and Dorothy Faddis were the parents of Gary J. Faddis, and Howard N. Faddis and Dorothy Faddis

7

purchased the Faddis property on August 7, 1952, under a deed (the "1952 Faddis Deed") which included the following language: "...Together with the right of ingress and egress to and from said premises to Edgmont Road along property of Wilhelmina Smedley, as the same is now used." CT-1, Stipulation of Facts, ¶ 21. This recital in the 1952 Faddis Deed concerning the "right of ingress and egress" is a reference to a private lane approximately fourteen feet wide and four hundred forty-seven feet long connecting the rear of the Faddis property to South Old Middletown Road. The 1991 Faddis Deed does not contain the recital referenced above from the 1952 Faddis Deed.

On May 7, 2012, Faddis recorded an instrument intended as a deed of correction (the "2012 Faddis Corrective Deed") which specifically added the right of ingress and egress recital appearing in the 1952 Faddis Deed to the conveyance described in the 1991 Faddis Deed. P/D-5; CT-1, Stipulation of Facts, ¶ 16-18. This private lane is known locally as "Copes Lane" and has been referenced by this name since approximately March 25, 1913, when Herman Cope and Edith W. Cope acquired title to a forty acre parcel from Abraham Brighton. The private lane predates the Brighton to Cope conveyance and is referenced in every deed in the chain-of-title dating back to 1851. (03/25/15 N.T., p. 19). The present title holders to the parcel known as Copes Lane are the unknown heirs and/or administrators of the Estate of Isaac J. Booth, Deceased, or the unknown heirs and/or administrators of the Estate of Wilhemina

8

Smedley, Deceased, or the unknown heirs and/or administrators of the Estate of James Day, Deceased. CT-1, Stipulation of Facts, ¶¶ 15, 16 and 17.

Since approximately December 4, 1956, the water line providing public water service to the home occupied by Faddis has been located under Copes Lane connecting the main public water line located under South Old Middletown Road to the Faddis home. CT-1, Stipulation of Facts, ¶ 32. There is no express easement for water utilities servicing the Faddis property in any recorded deed in the Copes Lane chain-of-title. There is an AQUA Pennsylvania, Inc., plan of September 27, 2011, which identifies the water main and the lateral water line locations servicing the Faddis property. P/D-12.

The 1964 Angstadt Deed contains the following language which appears in several preceding deeds of conveyance in the chain-of-title for the Angstadt property: "...Together with the right and use of the lane leading from Old Middletown Road (formerly Edgmont Great Road) to Herman Cope's property so far as the right, title and use of the same remains in the grantors". CT-1, Stipulation of Facts, ¶ 4. The 1987 Gaertner Deed is silent with respect to a right granted to Gaertner to use Copes Lane. CT-1, Stipulation of Facts ¶ 8.

The 1989 McLaughlin Deed is silent with respect to a right granted to Defendants McLaughlin to use Copes Lane. CT-1, Stipulation of Facts ¶ 12. Throughout the time Angstadt, Gaertner and McLaughlin have been neighbors they have each engaged in maintenance activity servicing Copes Lane. These activities include grass cutting,

9

clearing brush, removing tree and shrub limbs, and each autumn, removing fallen leaves. (03/25/15 N.T., pp. 6, 37, 72). In 1989, when McLaughlin purchased the McLaughlin property, a fence surrounding the rear yard encroached significantly into Copes Lane. (03/25/15 N.T., p.61); CT-1, Stipulation of Fact ¶ 36. By the conclusion of 1995, McLaughlin replaced the dilapidated post and rail fence surrounding the rear yard with a similar post and rail fence. (03/25/15 N.T., p. 71). In the process of replacing the fence, McLaughlin learned for the first time the rear yard fence encroached on Copes Lane. Nevertheless, McLaughlin authorized the fence contractor to position the new post and rail fence where the dilapidated and encroaching fence had stood. (03/26/15 N.T., pp. 61 & 71).

By the conclusion of 1994, Faddis installed a four foot high post and rail fence along the rear and each side property line of the Faddis property. (N.T. 3/25/15, p. 53). This fence is erected perpendicular to and completely across Copes Lane ending at a point abutting the corner fence post on the McLaughlin fence. There was no gate installed in the fence where the fence crosses and blocks access to and from the Faddis property and Copes Lane. P-19. This fence erected by Faddis was installed pursuant to a building permit issued by Middletown Township, Delaware County, on June 1, 1994. DF-35.

In January 2012, Gaertner filed an application for a zoning permit with Middletown Township, Delaware County and a public hearing was convened by the

10

Township Zoning Hearing Board to consider the Gaertner's zoning application. Apparently the zoning relief requested by Gaertner included relief from the rear yard setback requirements under the Township Zoning Code. (03/26/15 N.T., p.12). During the zoning hearing, there was evidence presented and public discussion regarding the rights and responsibilities of various named property owners, including Faddis, to the potential use and enjoyment of Copes Lane. *Id.* Mr. and Mrs. Faddis were present during the Gaertner's zoning hearing. (N.T. 3/26/15, p. 28). During the months following the zoning hearing, Faddis installed a gate in the post and rail fence across Copes Lane, and began regular use of Copes Lane for ingress and egress to their dwelling and South Old Middletown Road. (03/25/15 N.T., pp. 54, 61-64, 73), P-13, P-14, P-15 and P-18.

In May 2012, Faddis recorded the 2012 Faddis Corrective Deed. CT-1, Stipulation of Facts ¶¶ 16-18. In May and June 2012, Mrs. Faddis operated a motorcycle along Copes Lane from the rear yard of the Faddis property to South Old Middletown Road and returned from the public road to her dwelling by way of Copes Lane. (03/25/15 N.T., pp. 61-62); P-14 and P-18. Shortly thereafter, Angstadt, Gaertner and McLaughlin filed the underlying civil action.

## ADVERSE POSSESSION

Angstadt, Gaertner and McLaughlin each claim title to the parcel known as Copes Lane, a private road located in Middletown Township, Delaware County, Pennsylvania

11

by virtue of their adverse possession of the parcel. Adverse possession of land is an extraordinary legal doctrine which, when found, conveys a party ownership in real property titled to another by operation of law, rather than by grant of a deed. For this reason, a decision based upon this extraordinary remedy must be supported by clear and convincing evidence. Recreation Land Corporation, et al. v. Hartzfeld, 947 A.2d 771, 774 (Pa. Super. 2008). The burden of proof in this civil action was upon Angstadt, Gaertner and McLaughlin to prove by clear and convincing evidence they each held "... actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years". Id. Angstadt, Gaertner and McLaughlin were required to prove each of these elements of adverse possession exist to confer title by adverse possession. Recreation Land Corporation, *supra, citing* Flannery v. Stump, 786 A.2d 255, 258 (Pa. Super. 2001). Angstadt, Gaertner and McLaughlin were charged with proving that they, each as an adverse possessor of the parcel known as Copes Lane, must intend to hold the parcel of land for themselves as demonstrated by their acts. *See,* Fred E. Young, Inc. v. Brush Mountain Ass'n., 697 A.2d 984, 990 (Pa. Super. 1997).

Angstadt failed to prove by clear and convincing evidence actual, continuous, exclusive, visible, notorious, distinct and hostile possession over any portion of Copes Lane. Rather, the 1964 Angstadt Deed includes the grant of an express easement to

12

Angstadt for ingress and egress along Copes Lane. Therefore, Angstadts' possession of Copes Lane is permissive.

Since Gaertner admitted at the January 2012 Middletown Township Zoning Hearing no ownership of any portion of Copes Lane, Gaertner cannot prove the elements of adverse possession through sufficient evidence. Gaertner also failed to establish exclusive possession of any portion of Copes Lane.

Finally, McLaughlin was successful in proving adverse possession of the specific area of Copes Lane inside the rear yard fence on the McLaughlin property. McLaughlin since 1989 held the portion of Copes Lane inside a fence line exclusively for themselves and believed that land to be their property. In 1995, during the process of replacing that fence, McLaughlin learned they did not hold title to the Copes Lane portion of their rear yard, but nevertheless, they directed the contractor to place the new fence in the same location as the original fence. This conduct demonstrates their contention that they have exercised actual, continuous, exclusive, visible, notorious, distinct and hostile possession of that portion of Copes Lane for twenty-one years. See Recreation Land Corp. at 774-775.

EASEMENT BY PRESCRIPTION

Faddis proved the water line utility easement by prescription along the length and width of Copes Lane as identified on plans and detailed drawings maintained by Aqua Pennsylvania, Inc. A prescriptive easement is created by (1) adverse, (2) open, (3)

13

notorious, (4) continuous and uninterrupted use for a period of twenty-one (21) years. Walley v. Iraca, 520 A.2d 886, 889 (Pa. Super. 1987); *see also* McNaughton Props., LP v. Barr, 981 A.2d 222, 225 n. 2 (Pa. Super. 2009). Moreover, the party asserting the easement must demonstrate "clear and positive" proof. Walley, 520 A.2d at 889; *see also* Pittsburgh & Lake Erie R.R. Co. v. Township of Stowe, 374 Pa. 54, 96 A.2d 892, 894 (1953) ("[A prescriptive easement] will be upheld only if there is clear and positive proof of its existence[.]"). The landowner has the burden of proving consent, but only after the alleged easement holder proves the use was adverse, open, notorious, and continuous for 21 uninterrupted years. Walley, 520 A.2d at 889; Vill. of Four Seasons Ass'n, Inc. v. Elk Mountain Ski Resort, Inc., 103 A.3d 814, 822 (Pa. Super. 2014), *reargument denied* Dec. 29, 2014.

Faddis, through clear and concise evidence proved the actual, continuous, exclusive, visible, notorious, distinct and hostile possession of that portion of Copes Lane where the water line is located since 1954, being a period in excess of twenty-one years.

## ABANDONMENT OF EASEMENT

Angstadt, Gaertner and McLaughlin each claim Faddis abandoned the easement of ingress and egress along Copes Lane to and from South Old Middletown Road. Under Pennsylvania law, abandonment of an easement is proven through conduct of

14

the holder of the easement which manifests intent on the part of the easement holder to relinquish permanently his right to use of the easement across the adjoining or servient parcel of land. Sabados v. Kiraly, 393 A.2d 486, 487-88 (Pa. Super. 1978) *citing* Hatcher v. Chesner, 221 A.2d 305 (Pa. 1966). Pennsylvania courts have explained that an easement may not be considered abandoned unless there is a showing of an intent to abandon, coupled with *either* (1) adverse possession by the owner of the servient tenement; or (2) affirmative acts by the owner of the easement that renders the use of the easement impossible; or (3) obstruction of the easement by the owner of the easement that is inconsistent with its further enjoyment. Ruffalo v. Walters, 348 A.2d 740, 741 (Pa. 1975); Forest Glen Condo. Ass'n v. Forest Green Common Ltd. P'ship, 900 A.2d 859, 864 (Pa. Super. 2006). Angstadt, Gaertner and McLaughlin must prove this abandonment by clear and convincing evidence.[2]

This Court found that Angstadt, Gaertner and McLaughlin proved through clear and convincing evidence that Faddis erected a post and rail fence surrounding the rear yard of the Faddis property and across their point of access to Copes Lane in 1994.

---

[2] Faddis contends that a period of twenty one years is required to establish abandonment. However, once there is a showing of an intent to abandon, an easement may be considered abandoned if any of the following are established by clear and convincing evidence: (1) adverse possession by the owner of the servient tenement; or (2) affirmative acts by the owner of the easement that renders the use of the easement impossible; or (3) obstruction of the easement by the owner of the easement that is inconsistent with its further enjoyment. *See* Piper v. Mowris, 351 A.2d 635, 640 (Pa. 1976); Ruffalo v. Walters, 465 Pa. 236, 238–39, 348 A.2d 740, 741 (1975); Forest Glen Condo. Ass'n v. Forest Green Common Ltd. P'ship, 900 A.2d 859, 864 (Pa. Super. 2006). This Court found that conditions (2) and (3) were present negating any claim of continued abandonment for a period of twenty one years.

15

The Faddis's post and rail fence did not include a gate at their point of access to Copes Lane, and Copes Lane became over-grown at the point of access to the Faddis property. The construction of this fence rendered the use of the easement impossible and was inconsistent with its further enjoyment. The record clearly indicates that this fence and overgrowth limited ingress and egress to Copes Lane from the Faddis property. It was only following the Gaertner zoning hearing in January 2012 that Faddis prepared and filed the 2012 Faddis Corrective Deed, cleared over-growth using a chemical agent, installed a gate in their fence at the access point to Copes Lane, and began pedestrian and motor vehicle use of Copes Lane to access the public roadway.

Based on the foregoing, on the claims of adverse possession this Court found in favor of all named defendants and against Angstadt and Gaertner. However, on McLaughlin's claim for adverse possession of that specified portion of the parcel known as Copes Lane located inside the fence erected in the rear yard of the McLaughlin property and encroaching on Copes Lane since at least 1989, the Trial Court found in favor of McLaughlin confirming the title by adverse possession and against each of the named defendants.

On the claim of Angstadt, Gaertner and McLaughlin against Faddis and based upon the asserted right to a prescriptive easement along Copes Lane for the placement underground, maintenance, repair and replacement of a lateral water line servicing the Faddis property by connecting to the main public water service line located in and along

16

South Old Middletown Road, Middletown Township, Delaware County, Pennsylvania, this Court found in favor of Faddis confirming the prescriptive easement for a public water line and against Angstadt, Gaertner and McLaughlin and each of the remaining defendants, Unknown Heirs and/or Administrators of the Estate of Isaac J. Booth, Unknown Heirs and/or Administrators of the Estate of Wilhelmina Smedley, and Unknown Heirs and/or Administrators of the Estate of James Day.

On the claim of Angstadt, Gaertner and McLaughlin against Faddis that Faddis abandoned any express easement granted by the 1952 Faddis Deed, the 1991 Faddis Deed and/or the 2012 Faddis Corrective Deed, and/or any other form of easement Faddis claims provide a right of ingress and egress along Copes Lane, this Court found in favor Angstadt, Gaertner and McLaughlin and the remaining defendants Unknown Heirs and/or Administrators of the Estate of Isaac J. Booth, Unknown Heirs and/or Administrators of the Estate of Wilhelmina Smedley, and Unknown Heirs and/or Administrators of the Estate of James Day and against Faddis.[3]

---

[3] This Court having decided each of the claims, defenses and new matter preserved for Decision, the temporary injunction entered on July 2, 2012 was extinguished and dissolved and Count II - Injunction of the Complaint was dismissed as moot.

17

For the aforementioned reasons, the Trial Court respectfully requests that its decision be AFFIRMED.

BY THE COURT:

_____
G. MICHAEL GREEN,      J.

FILED JM
2005 OCT 21 PM 3:06
OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA.

18